FRANK HODGES
SHARON HODGES
2601 E. McKellips #1081
Mesa AZ 85213
Telephone: 480-399-0622
626-253-2576 (c)
Plaintiffs pro se

```
___ FILED      ___ LODGED
___ RECEIVED   ___ COPY

   APR 07 2011

CLERK U S DISTRICT COURT
  DISTRICT OF ARIZONA
BY_____ P DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

CV-11-693-PHX-JAT

| | |
|---|---|
| SHARON HODGES and FRANK HODGES, | ) Petition for an Emergency Restraining Order |
| Plaintiff, | ) Rule 65 Federal Rules of Civil Procedure |
| vs. | ) Abuse of Executive Privilege<br>) Abuse of the Legislative Branch |
| BARAK OBAMA, President of the United States;<br>JOHN BOEHNER, Speaker of the House, United States Congress, | ) |
| Defendants. | ) |

JURISDICTION AND VENUE

Under Rule 65 (b)(1), the Court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney.

Defendant, Barak Obama, asserts an Executive Privilege to "shut down" the Federal Government. Jurisdiction for matters involving questions of Executive Privilege lay with the Federal Courts. The Federal District Court has original subject matter jurisdiction. (Article III, US Constitution). The Federal District of Arizona is the proper venue.

Petition for an Emergency Restraining Order                                           Page 1

THE PARTIES

Plaintiffs, Sharon Hodges and Frank Hodges, are naturally born citizens of the United States, residing at 2601 E. McKellips #1081, Mesa, AZ 85213. Plaintiffs are naturally born citizens of the United States, appearing pro se.

Defendant, Barak Obama, is the elected President of the United States, doing official business at 1600 Pennsylvania Ave., NW, Washington DC, 20050.

Defendant, John Boehner, is the Speaker of the House of Representatives, doing official business at Office of the Speaker, H-232, The Capitol, Washington DC, 20515.

Statement of Facts In Support Of Temporary Restraining Order

Defendant, Barak Obama, President of the United States, has proposed an emergency "shut-down" of the Federal government, relying on Executive Privilege, which would severely affect the safety and security of the United States.

Defendant, John Boehner, Speaker of the House, has proposed indiscriminate budgetary cuts to the Federal government. Defendants have reached an impass, and the Federal government faces a complete shut-down on Friday April 8, 2011.

Defendants failed to negotiate a reasonable solution to problems associated with the United States economy. Defendant Barak Obama's proposed shut-down represents an unqualified Presidential privilege of immunity from judicial process. United States v. Nixon, (418 U.S. 683 (1974). Plaintiffs allege that Defendant Obama does not have the veto authority to shut down the government of the United States, or to arbitrarily limit it's services and resources to citizens of the United States.

The Constitution established three (3) separate Branches of government: The Executive, the Representative, and the Judiciary. Defendants are not empowered to "shut-down" the Federal government. Marbury v. Madison, establishing that **the U.S. court system is the final**

**decider of constitutional questions**, and that no person, **not even the President of the United States, is above the law.**

In the 1974 Supreme Court case of <u>United States v. Nixon,</u> (418 U.S. 683 (1974), the Court acknowledged "the valid need for protection of communications between high Government officials and those who advise and assist them in the performance of their manifold duties."

While the Court thus conceded the need for confidentiality in discussions between presidents and their advisers, it ruled that the right of presidents to keep those discussions secret under a claim of executive privilege was not absolute, and could be overturned by a judge.

In the Court's majority opinion, Chief Justice Warren Burger wrote "[n]either the doctrine of separation of powers, nor the need for confidentiality of high level communications, without more, can sustain an absolute, unqualified Presidential privilege of immunity from judicial process under all circumstances."

Defendants engaged in secret negotiations and discussions, and proposed indiscriminate budget cuts and cutbacks in Federal personnel and services, and denial of Federal benefits, salaries, and regularly scheduled payments to recipients of Federal funds. The Judiciary has a Constitutional right to review the proposed shut-down, cutbacks, denial of benefits and services.

Defendant have exceeded their jurisdiction and proposed cut-backs of essential Federal government services. Among the cutbacks, are proposals that affect the interests of national security of the United States, to what extent, are entirely unknown. Defendants also plan to refuse salary and benefits to active duty military, a majority of whom are on active combat duty in Iraq, Afghanistan, Libya, and throughout the world. Defendants' actions are negligent, reckless, and without warrant.

## Negligence

Defendants failed to exercise reasonable care, and created circumstances that are dangerous unless a temporary restraining order is issued by the Court. Defendants failed to

exercise the want of slight diligence. Defendant, Barak Obama was entrusted with the Presidency of the United States, and the safety and security of the American people, as Commander in Chief. He failed to carry out his responsibility, and to act prudently, as a reasonable individual.

Defendants actions are without warrant and premature in shutting down the Federal government, and they acted to circumvent the Constitution and the Judiciary. Defendants are bound to exercise extraordinary care, and are therefore responsible for their neglect.

When the law imposes a duty on an officer, whether by common law or statute, and he neglects to perform it, he may be held accountable for such neglect, and in some cases such neglect will amount to a forfeiture of the office.

Executive Privilege

Executive Privilege is the right claimed by Presidents of the United States and other officials of the Executive Branch, ie., the President, Vice President, and Cabinet-level executive departments. The national security exclusion gives those persons the power to withhold from Congress, the courts or individuals, information that has been requested or subpoenaed. Executive privilege is also invoked to prevent executive branch employees or officials from testifying in Congressional hearings.

The right of executive privilege is not directly granted to the President in the Constitution. It has historically been considered to be a right implied by the constitutional principal of separation of powers between the three branches of government.

Historically, presidents have exercised executive privilege in two types of cases: those that involve national security and those that involve executive branch communications. Presidents most often claim executive privilege to protect sensitive military or diplomatic information, which if disclosed, could place the security of the United States at risk. Given the president's constitutional power as commander and chief of the U.S. Military, this "state secrets" claim of

executive privilege is rarely challenged.

Most conversations between presidents and their top aides and advisers are transcribed or electronically recorded. Presidents have contended that executive privilege secrecy should be extended to the records of some of those conversations. The presidents argue that in order for their advisers to be open and candid in giving advice, and to present all possible ideas, they must feel safe that the discussions will remain confidential. This application of executive privilege, while rare, is always controversial and often challenged.

### Defendant Obama Is Abusing the Privileges Granted to the Executive Branch

It is rare that the Federal Court must consider abuses by the Executive Branch. The Northern District of California, recently ruled on the abuses of the Executive Branch, when it was forced to "reign in" the NSA in 2009, after they set up wiretaps on private citizens, without obtaining a lawful warrant. The Court ruled that the NSA abused the powers of the Executive Branch and the State Secret's Privilege. (*Al-Haramain Islamic Foundation, Inc., et al. v. Obama, et al. (07-CV-109-VRW.)*

The Executive Branch does not have the Constitutional authority or unlimited jurisdiction to shut down the Federal Government. The plaintiffs are individual citizens who assert a right to Judicial Review of the limitations, jurisdiction, and possible abuse of the Executive Branch by the President and the Congress.

### The Court May Issue a Temporary Restraining Order

Under Rule 65 (b)(1), the Court may issue a temporary restraining order without notice to the adverse party:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

The Fifth Circuit Court of Appeals has delineated a generally accepted four prong test which must be satisfied in order to obtain a temporary restraining order. The applicant must establish each of the following: "(1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) that the threatened injury outweighs any damage that the injunction may cause the opposing party; and (4) that the injunction will not disserve the public interest.

Thus the federal test requires a balancing of the injury to be suffered by both parties, not just by applicant. Also, the court is required to consider the impact the injunction will have on "the public interest," even in suits between private parties.

Prayer

Plaintiffs ask this Honorable Court for relief, and to issue an immediate ex-parte restraining order against the defendants from shutting down any Federal government services or administration. Plaintiffs will suffer immediate and irreparable injury if a temporary restraining order is not issued for the Court to consider and review the defendants' actions.

Indiscriminate abuse of Executive Privilege to shut down the unknown portions of the Federal government without judicial review, would violate the plaintiff's rights to Due Process, and be repugnant to the Constitution.

/ / /

/ / /

I certify that the foregoing is true and correct to the best of my knowledge. Dated this 27th day of April, 2011, at Phoenix, Arizona.

Respectfully submitted,

_____
Frank Hodges, plaintiff pro se

_____
Sharon Hodges, plaintiff pro se