WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sharon Hodges; and Frank Hodges, | No. CV-11-693-PHX-JAT |
| Plaintiffs, | **ORDER** |
| vs. | |
| Barak Obama, President of the United States; and John Boehner, Speaker of the House, United States Congress, | |
| Defendants. | |

    Plaintiffs have filed a pro se complaint against President Barack Obama and Speaker of the House John Boehner. The complaint purports to assert a negligence claim and a violation of executive privilege, and seeks an emergency restraining order prohibiting a shutdown of the federal government. Doc. 1. The case has been assigned to Judge James Teilborg, but he is not available to hear the request for emergency relief. The undersigned Judge has been randomly selected to consider Plaintiffs' request. For reasons stated below, the Court will deny Plaintiffs' request for an emergency restraining order.

    To obtain an emergency restraining order, a plaintiff must show that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 129 S. Ct. 365,

374 (2008). The test includes a sliding scale. If the plaintiff shows that the balance of hardships will tip sharply in his favor, he need not make as strong a showing of the likelihood of success on the merits – the existence of serious questions will suffice. *Alliance for Wild Rockies v. Cottrell*, 622 F.3d 1045, 1049-53 (9th Cir. 2010). Plaintiffs have not shown they are likely to succeed on the merits or that they have raised serious questions.

Federal courts are courts of limited jurisdiction. "They possess only that power authorized by Constitution and statute," *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 377 (1994), and "the presumption is that [they are] without jurisdiction unless the contrary affirmatively appears[,]" *Fifty Associates. v. Prudential Insurance Co. of America*, 446 F.2d 1187, 1190 (9th Cir. 1970). The complaint asserts only that that "[j]urisdiction for matters involving questions of Executive Privilege lay with Federal Courts" (Doc. 1 at 1), but cites no supporting legal authority other than Article III of the United States Constitution.

To sue in federal court, a plaintiff must have standing under Article III, that is, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). The complaint, even when construed liberally in Plaintiffs' favor, alleges no facts showing that Plaintiffs will suffer an actual, concrete injury as a result of a government shutdown. Plaintiffs' claims implicate only a "generalized interest of all citizens" in efficient and effective governance. *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 218 (1974). Plaintiffs, therefore, have failed to establish constitutional standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (the party invoking federal jurisdiction bears the burden of establishing the three elements of constitutional standing).

Nor may the Court exercise jurisdiction over this suit given the principle of separation of powers and the political question doctrine. "Plaintiffs' action cannot

proceed because its resolution would require the federal judiciary to ask and answer questions that are committed by the Constitution to the political branches of our government." *Corrie v. Caterpillar, Inc.*, 503 F.3d 974, 977 (9th Cir. 2007); *see Schlesinger*, 418 U.S. at 215 (presence of a political question, like absence of standing, deprives court of jurisdiction).

Plaintiffs note, correctly, that not even the President of the United States is above the law, *see United States v. Nixon*, 418 U.S. 683 (1974), and that it is the province and duty of the judicial branch to decide what the law is, *Marbury v. Madison*, 1 Cranch 137, 2 L. Ed. 60 (1803). But the general failure of the President and Congress to agree upon a federal budget does not constitute a legal question subject to judicial review.

**IT IS ORDERED** that Plaintiffs' Petition for Emergency Restraining Order (Doc. 1) is **denied**.

Dated this 8th day of April, 2011.

_____
David G. Campbell
United States District Judge